■ RAPID REHABILITATION CORP., INC., Respondent, v NEW YORK CITY HOUSING AUTHORITY, Defendant, and CITY OF NEW YORK, Appellant.—Order, Supreme Court, Bronx County, entered February 14, 1979, which, *inter alia,* granted plaintiff's motion for leave to amend its original complaint dismissed as against the city to the extent of allowing it to replead a fifth and sixth cause of action against the city, unanimously modified, on the law, to the extent of reversing so much thereof as permitted amendment of the complaint to assert a fifth and sixth cause of action against the city, and, as so modified, affirmed, without costs and disbursements. The City of New York acquired a site for urban renewal development and entered into an agreement for project work with plaintiff on a "turnkey" basis. Heretofore plaintiff served a complaint containing six causes of action, two of which were against the city—the fifth sounding in breach of contract and based on warranty, and the sixth for negligence. Special Term granted the city's motion to dismiss the complaint as to it, and we agreed "that the papers submitted by * * * Rapid Rehabilitation Corp., Inc. * * * fail to show any acts or omissions on the part of the City of New York sufficient to withstand a motion to dismiss the complaint" (63 AD2d 901). However, we modified to the extent of directing that the dismissal be without prejudice to the plaintiff's seeking leave at Special Term to replead against the city. On constraint of our prior determination (63 AD2d 901), we must reverse the granting of such leave to replead by Special Term on the record herein. The showing on the record herein does not add to or detract from the record in the prior appeal sufficient to warrant a departure from the result therein. Plaintiff's assertion that although no new evidentiary type showing has been made, the theory of its claim against the city has been shifted to a new one, predicated on breach of warranty, fails to take cognizance of the fact that one of its two causes of action in the original complaint was similarly predicated. Nor is there any showing that the claimed warranty was made

by the city. Concur—Kupferman, J. P., Sullivan, Lupiano, Silverman and Bloom, JJ.